L. H. REED, ADMINISTRATOR, ETC., v. W. F. NELSON.

1. In 1859, N. executed his note to R., payable January 1, 1861. In 1862, R. left the note with A. for safe keeping, and in the latter part of that year authorized A. to receive payment of it without instructions or restrictions as to the mode of payment. On the first of January, 1863, A. received Confederate money from N, in payment of the note, and delivered up the note to N. *Held*, in view of the general and unrestricted authority conferred on A. by R., that the payment was good, and must be sustained as an executed contract which will not be disturbed.

APPEAL from Panola. Tried below before the Hon. J. B. Williamson.

The character of this case is indicated in the opinion of the court. The excluded deposition of Anderson, designated in the opinion as the bailee of the note, does not affirm that Reed, the payee, expressly empowered him to receive Confederate money. His authority to receive payment of the note was contained in a letter from Reed to Nelson, telling Nelson his note was in Anderson's hands, and if he wanted to pay it he could call on Anderson and pay it to him. This letter must have been written in December, 1862, and on the first of January, 1863, Nelson exhibited it to Anderson and paid him the amount of principal and interest of the note in Confederate currency, saying to Anderson that if it was not all right with Reed, he would make it right. Anderson surrendered the note to Nelson, believing that Reed would himself receive such payment in what was then the currency of the country, and which Anderson was receiving for his own dues.

The testimony of Nelson, the defendant, who was placed on the stand by the plaintiff, was as follows: "He executed to James H. Reed, plaintiff's intestate, a note such as described in the petition, and on the first of January, 1863, he paid to James M. Anderson of Rusk, Cherokee county, Texas, who had the note in his possession, the full amount of the principal and interest then due

on said note. The payment was made in Confederate money, and on paying the Confederate money to Anderson, the latter delivered to him the note. He knew the note was in Anderson's possession from the fact that he had received a letter from Reed a short time before calling on Anderson and paying the money. When he paid it, he demanded of Anderson a receipt against the note; Anderson did not give him a receipt, but delivered to him the note itself, saying that it was better than a receipt and was a finality. Witness paid the money to Anderson in ten or fifteen days after receiving Reed's letter."

There was testimony introduced by the defendant which is not adverted to in the opinion of this court, but which probably had weight with the jury. It was that of B. F. Reed, who testified that in the fall of 1862, James H. Reed told him he had a note against the defendant in the hands of James M. Anderson, and that he, J. H. Reed, was willing to receive payment of it in Confederate money; and he asked witness if he thought Nelson had Confederate money; with more statements of like character. These statements of the payee, however, were not traced to the knowledge of Nelson or Anderson at the time the payment was made; and the rulings of this court do not seem to be based upon them in any degree.

This testimony was objected to by the plaintiff, but the objection was overruled, and exceptions duly taken.

*S. P. Donley*, for the appellant.—It is submitted that if the court reject testimony legally competent to be considered by the jury, and the testimony was pertinent and might have induced the jury to render a different verdict from what they might have rendered if the testimony had been admitted to go to the jury, then this is error for which the judgment should be reversed.

When evidence has been improperly rejected, a new trial will be granted. (Young v. Buckingham, 5 Hammond, 485; Mc-

Elion v. Sutton, 2 Bailey, 128; Heath v. Shelley, 1 Blackford, 228; Coleman v. Allen, 3 J. J. Marshall, 229; Hunt v. Adams, 7 Mass., 391; Keys v. Stone, 5 Mass., 391; Wilson v. Mower, Id., 407; Walker v. Haskell, 11 Mass., 177.)

On these authorities it is submitted that if the testimony of Anderson was legal and competent to be considered by the jury, that the ruling of the court excluding the evidence was error for which the cause should be reversed.

It is contended for the appellant that Anderson was legally competent to testify, first, because he had the note as ʳgⁿt or bailee, and in such case the bailee is a competent witness.

If a person called as a witness has a balance of interest against the party calling him, he is competent to testify. (5 Digest, p. 976, § 418.)

Where the interest of the witness is *prima facie* balanced between the parties, the possibility that he may have a better defense against one than the other will not prevent his being sworn. (Starkweather v. Matthews, 2 Hill, 131; Yarborough v. Sate, 5 Ala., 221; Turner v. Davis, 1 B. Monroe, 151.)

When the question is whether the agent did or did not exceed his authority, he is equally liable to the losing party, if he exceeds his powers, for the damage done thereby, and is competent without a release. (Crooker v. Appleton, 25 Maine, 131.)

When he is so situated that he will be liable to the same extent to the unsuccessful party in the cause, no matter which he may be, his interest is balanced, and he is competent to testify for or against either party. (Ford v. McKibbon, 1 Shubhart, 33.)

A wagoner in charge of a team from which a horse has been forcibly taken, is a competent witness for the plaintiff, though he had been permitted to hold himself out to the world as owner. (Moore v. Shenk, 3 Barr, 13.)

A witness whose interest is in equipoise is competent. (Tyler v. Trabue, 8 B. Monroe, 435.)

An agent is an exception to the general rule excluding interested witnesses, and he may testify though he has an interest in the event of the suit. (Bran v. Pearsell, 12 Ala., 592.)

Agents, carriers and factors are competent to testify on the side in which they are interested. (Collins v. Foster, 16 Ga., 410; Purkins v. Jordane, 35 Maine, 23; Jones v. Lowell, 35 Id. 538.)

An agent who sells property of his principal in a mode not authorized is a competent witness for his principal; the balance of his interest is against his principal. (3 Foster, 630.)

An agent may be a witness for his principal, without a release. (Barkley v. Show, 4 Foster, New Hampshire R., 297.)

Again, his interest, if any, was balanced, and it is submitted that when the interest of the witness is balanced that he is competent to testify. Say in this case, if he did not return the note to Reed's administrator, the appellant in this case, that he was liable for the amount of the debt; yet, if the note was not returned, and Reed received of Nelson the amount of the note, he having paid the money to Anderson and Anderson having failed to pay it over to the party entitled, Nelson would be entitled to recover of Anderson the money or thing which he had delivered to Anderson, and which Anderson had failed to deliver to the party who was entitled to it. He is entitled to testify because his interest is balanced. A witness whose interest is balanced is competent to testify. (Scott v. Propeller Plymouth, 6 McLean, 463.) And further, if Anderson had an interest, he was released by the administrator.

The judgment of the district court should be reversed because of the overruling by the court of the objection of appellant to the testimony of B. F. Reed, offered by appellee, as shown in the statement of facts and bill of exceptions. I have heretofore endeavored to show that this testimony was illegal. If it should be held so, the overruling of the objections to it was error.

When illegal evidence has been admitted by the court, nothing

short of a direct and unequivocal charge to the jury to disregard it can cure the error.   (Carlisle v Hunley, 15 Ala., 223.)

When evidence objected to is illegal on its face, it is not necessary that the party objecting should specify the grounds of objection ; it should be excluded.   (Cunningham v. Cochrane, 18 Ala., 479.)

The admission of illegal evidence is in general sufficient ground for a new trial.   (Barney v. Goff, 1 Chipman, 304; Scott v. Coleman, 7 J. J. Marshall, 416.)

When evidence is objected to and improperly admitted, it is ground for a new trial.   (Craddock v. Craddock, 3 Litt., 77.)

If it appear that improper evidence was admitted, the appellate court will award a new trial.   (Fowler v. Woodyard, 6 J. J. Marshall, 606.

No brief for the appellee.

LINDSAY, J.—The court is of opinion, that the merits of this case must be determined by the evidence, rather than by the legal questions raised in the assignment of errors.

The principal objection urged against the action of the court on the trial is the exclusion of the deposition of the witness, Anderson, who was alleged to have had possession of the note sued on, had collected it and failed to pay it over to the payee of the note.

It appears that the appellant's intestate had deposited the note with Anderson for safe keeping, while he was gone to the war ; and that the payor called upon the bailee of the note during the absence of the payee, paid it off in Confederate money, and the note was delivered up to him by the bailee.   The deposition of the bailee was offered in evidence by plaintiff with the written release from liability by the administrator, which was excluded by the court, upon the ground that the administrator had no legal right or authority to grant such release.   It is needless to decide this

question in the present case, as the deposition itself is before the court in the record; and giving it all the legal as well as moral force that can be claimed for it, it supports and sustains the ver-. dict of the jury, and does not militate against it in the slightest degree. The evidence of the defendant, who was introduced as a witness by the plaintiff, justified the finding of the jury. And the excluded deposition would have served only to confirm and strengthen their conclusion. If Anderson was originally only a depositary of the note, without authority to collect, his deposition itself shows that he was afterwards constituted by letter an agent to collect, without any specific instructions or restrictions as to the mode and manner of collection; and under such general agency, what was done by the agent was done by the principal. And under the rulings of this court, it being one of those executed contracts in Confederate money, it will not be interfered with here.

The judgment is affirmed.

,          Affirmed.